[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was brought by the plaintiff with a return date of December 29, 1998. The defendant appeared by counsel and filed an answer on January 8, 1999. The plaintiff claimed the matter to the trial list on February 8, 1999.
The matter was placed on the list of cases for fact finding. Both parties were notified by mail on April 21, 1999, that the matter was scheduled for trial before a fact finder on May 19, 1999. On May 19, 1999, the plaintiff did not attend the call of cases. The matter was therefore dismissed for failure of the plaintiff to proceed to trial on the scheduled day. Notice of the dismissal was sent to both parties on May 20, 1999.
The plaintiff now moves to open the judgment of dismissal. The plaintiff claims that he filed a Motion for Continuance on May 13, 1999, and therefore did not attend the fact finding. No such motion is in the court's file, although the plaintiff attaches an unsigned copy of such a motion (with no file stamp) to his motion to open judgment. Even if the motion for continuance was not formally filed with the clerk but only delivered to the case flow coordinator as sometimes occurs, no such motion was ever granted by the court. Nor does the plaintiff claim that it was. Rather, the plaintiff chose not to attend the court proceeding. The plaintiff was not "prevented by accident, mistake, or other reasonable cause from prosecuting or appearing" at the trial of the matter. Conn. P.B. § 17-43; Conn. Gen. Stat. § 52-212. CT Page 15550
The plaintiff's motion to open judgment is, moreover, deficient in several respects. Plaintiff's counsel did not sign the certification indicating that he had mailed the motion to, or otherwise served, opposing counsel. Conn. P.B. § 10-13. The motion is not made under oath by the plaintiff or plaintiff's counsel, as required by Conn. Gen. Stat. § 52-212(b). Furthermore the motion to open the judgment of dismissal was filed nearly six months after notice of the entry of the judgment it seeks to set aside. Conn. Gen. Stat. § 52-212a provides ". . . a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed." This statute acts as a limitation on the trial court's general authority to grant relief from a judgment. Our courts have held that, absent waiver, only in instances of fraud, seeBillington v. Billington, 220 Conn. 212, 218 (1991), or other statutory authority such as a violation of CUTPA, see Kim v.Magnotta, 249 Conn. 94, 107-09 (1999), does a court retain the substantive authority to act on a motion to open a judgment beyond four months from the entry of judgment. Id., 104.
The plaintiff's motion to open the judgment of dismissal and set it aside is denied.
Patty Jenkins Pittman Judge of the Superior Court